GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail:  gtmfadden@hotmail.com

Attorney for Defendant
RENE MARES-INZUNZA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. LARRY ALAN BURNS)

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>                           Plaintiff,       )<br>                                                              )<br> .                                                            )<br>                                                              )<br>RENE MARES-INZUNZA,                 )<br>                                                              )<br>                           Defendant.  )<br>_____) | Crim. Case No. 08CR0344-LAB<br><br>STATEMENT OF FACTS<br>AND POINTS AND AUTHORITIES<br>IN SUPPORT OF MOTION<br><br><br>NCD:  April 1, 2008<br>           at 2:00 p.m. |

## I.  THE INDICTMENT

The caption of the indictment states "Title 8, U.S.C., Secs. 1326 (a) and (b) - Attempted Entry After Deportation".

The indictment as pertinent states:

> "The grand jury charges:  On or about January 20, 2008, ... the defendant ... an alien... who previously had been excluded, deported and removed from the United States ... was found in the United States without the Attorney General ... having expressly consented to the defendant's reapplication for admission into the United States; in violation of title 8, United States Code, Sections 1326 (a) and (b).  It is further alleged that the defendant ... was removed from the United States subsequent to March 10, 2003."

The indictment charges all of section (b) which includes subsections (1) through (4).

## II.  § 1326(b) AND <u>ALMENDAREZ-TORRES</u>

Section 1326(b) was amended after the 1995 version interpreted in <u>Almendarez-Torres</u> v.

1

United States, 523 U.S. 224 (1998).

It is the defense position that Congress intended and the amended § 1326(b) should be interpreted to provide that subsections (b)(1) through (b)(4) set out separate criminal offenses.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that Congress intended the Section 1326(b), in effect in 1995, to set forth sentencing factors and not separate criminal offenses (Id. at 235) and that the constitution did not preclude the legislature from authorizing a higher statutory maximum sentence for recidivism (as § 1326(b)(2) does) as a sentencing factor rather than an element of the offense (Id. at 236-237).

The Supreme Court's interpretation of 1326(b) — that it set forth a sentencing factor and not a separate criminal offense — was strongly influenced by the fact that in the 1995 version of the statute "the provision simply authorizes an enhanced sentence when an offender also has an earlier conviction" ..."simply authorizes a court to increase the sentence for a recidivist." (Id. at 226.) In looking at the statute's language to determine Congress' intent, the Court stated "At the outset we note that the relevant statutory subject matter is recidivism. That subject matter — prior commission of a serious crime — is as typical a sentencing factor as one might imagine.... Perhaps reflecting this fact, the lower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes, (at least where the conduct, in the absence of the recidivism, is independently unlawful). ... With recidivism in mind, we turn to the statute's language." (Id. at 230, citations omitted.)

In 1995, the subsection (b) provisions only provided for increased penalties based on various prior convictions.

But in 1996, subsection (b) was amended. The Court stated the later amendments were "beside the point... do not declare the meaning of earlier law...[did not provide guidance] "about how courts should interpret the earlier provisions; [and], "[r]egardless, it is not obvious that the two new subsections ... create new crimes (a matter on which we express no view) nor, in adding them, did Congress do more than leave the legal question here at issue where it found it." (Id. at 237.)

It is now clear of course that the two subsections added in 1996 create new crimes.

2

Section 1326(b) now contains 4 subparagraphs. Each of these subparagraphs contain different material facts that fix a different higher maximum sentence than that fixed by the material facts set out in Section 1326(a).

Subparagraphs (1)[1] and (2)[2] reference various types of convictions as material facts which fix different higher maximum sentences. Subsections (3)[3] and (4)[4] reference different material non-conviction facts which fix a different higher maximum sentence.

Subparagraph three references (1) aliens excluded on the basis that a consular officer or the Attorney General knows or has reason to believe that the alien sought to enter to engage even incidentally in an extraordinarily wide variety of conduct under a general heading of "security and related grounds" set out 8 U.S.C,. § 1182(a)(3); and, (2) aliens removed under the alien terrorist removal procedures (8 U.S.C. § 1531 et. seq.) which applies again to an extraordinarily wide variety of conduct either within or outside of the United States.  8 U.S.C. § 1531(1), 8 U.S.C. § 1227(a)(4)(B), 8 U.S.C. § 1182(a)(3)(B) and (F).

Subparagraph four references aliens removed prior to the completion of a federal or state conviction for certain offenses under other specified conditions.

Even in 1996, Congress probably knew and in fact intended these provisions to create separate offenses. Consistent with this, Congress in 1996 instructed the Sentencing Commission to

///

---

[1] (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both.

[2] (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.

[3] (3) who has been excluded from the United States pursuant to section 1225(c) of this title because the alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under title 18, United States Code, and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence.

[4] (4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this rule who thereafter, without permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under title 18, United States Code, imprisoned for not more than 10 years, or both.

amend the sentencing guidelines for "offenses" under § 1326(b). Sec. 334, 110 Stat. 3009-6007[5]; indicating that all the subparagraphs of § 1326(b) set out separate criminal offenses as of 1996.

And, as a matter of constitutional law, it is also so. Jones v. United States, 526 U.S. 227, 244 n.1 (1999) ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.")

The indictment does not allege which subsections of (b) is violated. The indictment does not identify any of the many possible fact events covered in (b)(1) through (b)(4). The indictment does not identify the related timing of the possible events.

### III. DISCUSSION OF SUFFICIENCY

It has always been the constitutional law that, while the number and the language of a statute may be used in the general description of an offense and may sometimes be adequate; an indictment must always contain a full, direct, express, uncertain, unambiguous statement of all the elements [material facts] necessary to constitute the offense [set of material facts] warranting a specific level of maximum punishment. United States v. Carll, 105 U.S. 611, 612 (1882).

This is still our constitutional and statutory law[6] even though the words used are not only elements and offense but material facts, sets of material facts, and maximum punishments.

While one might observe in response to this motion that prosecutions under 8 U.S.C. § 1326(b)(2) are commonplace in this district; such an observation would not address the merits of

---

[5] Almendarez-Torres v. United States, supra, 524 U.S. at 236-37; and at 269-70 (Scalia, J. dissenting).

[6] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." The Fifth Amendment provides that "[n]o person shall be held to answer for a . . . infamous crime, unless on a presentment or indictment of a Grand Jury . . . nor be deprived of life, liberty, or property, without due process of law . . ." F.R.Cr.P. 7 (c)(1) provides that "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charge."
An indictment must furnish the defendant with a sufficient description of the charge against him: 1) to enable him to prepare his defense; 2) to insure that the defendant is being prosecuted on the basis of the facts presented to the grand jury; 3) to enable the defendant to plead jeopardy against a later prosecution; and 4) to inform the Court of the facts alleged so that it can determine the sufficiency of the charge. Russell v. United States, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1047 (1962).

the motion because neither discovery nor a bill of particulars can cure an invalid indictment;[7] an individual defendant's place is not always a common one which is of course a practical reason to act consistent with constitutional and statutory law; and, if properly challenged before trial, an indictment's failure to allege an essential element [material fact] of a charged offense is not a minor or technical flaw subject to harmless error analysis but a fatal flaw requiring dismissal of an indictment.[8]

The material fact possibilities and variations under § 1326(b) are so numerous and material fact allegations so absent from the indictment that the indictment's insufficiency is manifest and it must be dismissed.

### IV. DUPLICITY

The indictment charges more than two offenses [set of material facts] in a single count.

An indictment may not charge two (or more) offenses [set of material facts] in one count. F.R.Cr.P. 8(a); United States v. Aguilar, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985).

### V. CONCLUSION

For these reasons and any further reasons that may appear at the hearing of this matter, the defendant, through counsel, respectfully requests that the Court grant this motion.

Respectfully submitted,

Dated:  March 11, 2008                    s/Gerald T. McFadden
                                          GERALD T. McFADDEN, Attorney for
                                          Defendant RENE MARES-INZUNZA
                                          E-mail: gtmcfadden@hotmail.com

---

[7] "[A] bill of particulars cannot save an invalid indictment. The very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge. ... Rather than the assurance that a body of fellow citizens had assessed the facts and determined that an individual should face prosecution, the prosecutor would be in a position to second guess what actually happened within the grand jury and fill in the gaps with what he assumed transpired. ... For similar reasons, 'open file' discovery cannot cure an invalid indictment." United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979).

[8] United States v. DuBo, 186 F.3d 1177, 1179 (9th Cir. 1999); United States v. Omer, 395 F.3d 1087, 1088 (9th Cir. 2005), cert. denied, 127 S.Ct. 1118 (2007); United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007) (holding that, an indictment alleging a violation of § 1326(b) must allege that the defendant was removed from the United States subsequent to his conviction of a felony for punishment under (b)(2) and recognizing that DuBo was still the valid applicable law but not applying it in that case and applying a harmless error analysis because the omission of the allegation of the temporal relationship from the indictment was not objected to before trial).