KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RENE MARES-INZUNZA,<br><br>        Defendant. | Criminal Case No. 08CR0344-LAB<br><br>Date:    April 1, 2008<br>Time:    2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br><br>(1)    DISMISS INDICTMENT FOR INSUFFICIENT ALLEGATIONS;<br>(2)    VAGUENESS; AND<br>(3)    DUPLICITY.<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and A. Dale Blankenship, Assistant U.S. Attorney, hereby files its Response and Opposition to the motions filed on behalf of RENE MARES-INZUNZA (Defendant"). This Response and Opposition is based upon the files and records of this case.

//

//

//

**I**

**STATEMENT OF THE CASE**

On February 13, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on February, 19, 2008, and entered a not guilty plea.

**II**

**STATEMENT OF FACTS**

**A.    INSTANT OFFENSE**

On January 20, 2008, at approximately 7:40 a.m., United States Border Patrol Agent Monica Slack was conducting linewatch duties in the Imperial Beach Border Patrol area of responsibilities in an area known as "Spooner's Mesa." This area is approximately 4.5 miles west of the San Ysidro, California, Port of Entry and approximately 50 yards north of the United States/Mexico border and is commonly used by undocumented immigrants to further their entry into the United States. Agent Slack was alerted to the activation of a seismic intrusion device and responded to the area. Upon arriving in the area, Agent Slack observed two individuals attempting to conceal themselves in the brush in an area known as the "33 Draw". Agent Slack approached the two individuals and identified herself as a U.S. Border Patrol agent and questioned both individuals as to their citizenship and both individuals, including Defendant, Rene Mares-Inzunza, stated that they were citizens of Mexico illegally in the United States.

Border Patrol agents searched the area and found footprints leading from the border fence to the area where Defendant was apprehended. Defendant's shoes matched the tracks leading from the border fence.

Defendant and the other individual were arrested and transported to the Imperial Beach Border Patrol Station for processing. A records search revealed that Defendant was a documented foot guide, had a lengthy criminal record, and was previously deported by an immigration judge. When Agents uncovered information that Defendant was a footguide, they asked Defendant if this information was correct. Defendant stated that he is a footguide and that on this occasion he was

attempting to help the other individual, Jaime Aquino-Estrada, illegally enter the United States.

Border Patrol agents interviewed the individual apprehended with Defendant, Jaime Aquino-Estrada. Aquino-Estrada stated that Defendant agreed to help him illegally enter the United States.

### B.    POST-MIRANDA STATEMENT

At approximately 12:37 p.m. on January 20, 2008, Border Patrol Agent Slack advised Defendant of his Miranda rights in the Spanish language during a videotaped interview. Defendant indicated that he understood his rights and agreed to answer questions. Defendant stated that he illegally entered the United States by climbing the United States border fence with the purpose of traveling to Los Angeles . Defendant stated that he was a citizen of Mexico, that he does not have any documents that allow him to enter or reside in the United States, and that he has never applied for permission to enter the United States.

Defendant signed an affidavit stating that he is a citizen of Mexico; that he has no documents to enter the United States; that he was previously deported; and that he did not apply to the Attorney General for permission to re-enter the United States.

### C.    DEFENDANT'S CRIMINAL HISTORY

Defendant has an extensive alien smuggling history with 17 apprehensions. Defendant has five prior convictions for illegal entry in violation of 8 U.S.C. § 1325 (1979, 1980, 1981, 1982, and 1993). Defendant was convicted of transporting illegal aliens in violation of 8 U.S.C. § 1324 on February 9, 1992. Defendant was convicted of false statement to a federal officer in violation of 18 U.S.C. § 1001 on March 20, 2003.

### D.    DEFENDANT'S IMMIGRATION HISTORY

Defendant has been removed from the United States on 17 occasions. Defendant was most recently ordered removed from the United States by an immigration judge on August 20, 2002. Defendant's removal order was recently reinstated on October 27, 2007, and Defendant was removed pursuant to that reinstated order on October 28, 2007 via San Ysidro, California.

//

//

# III

# **DISCUSSION**

**A.   THE INDICTMENT IS SUFFICIENT**

Defendant argues that the Court should dismiss the indictment because it does not allege which subsection of 1326(b) that he violated. Defendant argues that each of the four subparagraphs of 1326(b) contain different material facts that fix a different higher maximum penalty than that set out by 1326(a). Defendant argues that each of the 1326 (b) subsections are a separate crime, and because the particular subsection of 1326(b) was not set forth in the indictment, that it is insufficient.

This interpretation of 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 233, 235 ( 1998) which holds that the subsections under 1326(b) are not separate crimes, but sentencing factors that need not be alleged in the indictment. Defendant's arguments are foreclosed by Almandarez-Torres and subsequent Ninth Circuit caselaw applying the holding in Almendarez-Torres. United States v. Martinez-Martinez, 295 F.3d 1041, 1043 (9th Cir. 2002) (rejecting argument that "§ 1326 is unconstitutional under Apprendi"); United States v. Fresnares-Torres, 235 F.3d 481, 482 (9th Cir. 2000) ("Apprendi therefore preserved the specific holding of Almendarez-Torres . . . that 8 U.S.C. § 1326(b)(2) -- the subsection increasing the penalty for previous deportation following conviction of an aggravated felony -- was a mere penalty provision for recidivist behavior and did not define a separate offense."); United States v. Bonilla-Mungia, 422 F.3d 316, 318-19 (5th Cir. 2005) (rejecting argument that the sentencing enhancement provisions of 8 U.S.C. § 1326(b) are facially unconstitutional because Almendarez-Torres has been undercut by Apprendi).

Almendarez-Torres "stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." Pacheco-Zepeda, 234 F.3d at 413-14 (quoting Jones v. United States, 526 U.S. 227, 248 (1999)). See also, United States v. Valle-Montalbo, 474 F.3d 1197, 1201 (9th Cir. 2007); United States v. Tighe, 266 F.3d 1187, 1191 (9th Cir. 2001) ("Under the current state of the law, the Constitution does not require prior convictions that increase a statutory penalty to be charged in the indictment."); United States v. Reyes-Pacheco, 248 F.3d 942,

944 (9th Cir. 2001) ("The district court did not err by considering Reyes-Pacheco's prior aggravated felony conviction despite the fact that such conduct was . . . [not] charged in the indictment.")

Because the subsection (b) factors are penalty provisions, they need not be alleged in the indictment. The indictment was not, therefore, insufficient.

**B.  THE INDICTMENT PROPERLY TRACKS THE STATUTE AND SUFFICIENTLY INFORMED DEFENDANT OF THE CHARGES AGAINST HIM**

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(c)(3) states that an error in the indictment is not a ground for dismissal if it "did not mislead the defendant to the defendant's prejudice." Rule 7(c) was intended to introduce "a simple form of indictment." Advisory Committee Notes to Subdivision (c), Fed. R. Crim. P. 7 (2002). The Ninth Circuit has held that an indictment is generally appropriate if it sets forth the offense in the words of the statute itself. United States v. Musacchio, 968 F.2d 782, 787 (9th Cir. 1991) (indictment that tracks the statute itself is generally sufficient); United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986). In fact, an indictment which tracks a statute's language is presumptively valid as drafted. Musacchio, 968 F.2d at 787.

In Musacchio, this Court reasoned that in judging the sufficiency of the indictment, a court must determine whether the indictment adequately alleges the elements of the crime and whether the defendant was fairly informed of the charges against him, so the defendant can defend himself against the charge and be protected against a subsequent prosecution for the same act. Id.; United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir. 1986), United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982). The Government was required to state only the essential facts necessary to inform Musacchio of the crime charged. Musacchio, 968 F.2d at 787; United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir. 1970). With respect to violation of 8 U.S.C. § 1326, an indictment that alleges that the defendant is a deported alien, subsequently found in the United States without permission, suffices. United States v. Jackson, 72 F.3d 1370, 1380 (9th Cir. 1995).

In this case, the Indictment charging Defendant of being a deported alien found in the United States properly tracked the statutory language of 8 U.S.C. §1326 and sufficiently informs him of charges. The Indictment states:

> On or about January 20, 2008, within the Southern District of California, defendant RENE MARES-INZUNZA, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.
> It is further alleged that defendant RENE MARES-INZUNZA was removed from the United States subsequent to March 10, 2003.

The Indictment clearly places Defendant on notice of the crime charged against him and allows him to adequately defend himself against the charge.

Consistent with the thrust of Rule 7, there generally are no "magic" words required in indictments, and defendants are not entitled to have a charge reflect the wording of their choice so long as, at minimum, they are given notice of the elements. "[T]he test of sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." United States v. Hinton, 222 F.3d 664, 672 (9th Cir. 2000); see also Davis v. United States, 347 F.2d 378, 379 (10th Cir. 1965) (there is no "magic" way of alleging mens rea); Hagner, 285 U.S. at 431 (courts should not ask "whether it [the indictment] could have been made more definite and certain, but whether it contains the elements of the offense"). An indictment that sets forth the charged offense in the words of the statute itself is generally sufficient. United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986).

Defendant's asserts that the "material fact possibilities and variations under § 1326(b) are so numerous and material fact allegations so absent" that he cannot defend himself. This assertion is without merit. Defendant cites no case law, or statute to support his position. His position is, in fact, contrary to the prevailing Ninth Circuit case law. The Indictment sufficiently tracks the language of the statute. The subcategories of § 1326 are sentencing factors that need not be alleged in the indictment. The indictment is sufficient, it is not vague nor is it duplicitous.

## IV

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's motions.

Dated: March 14, 2008

                                                Respectfully Submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                S/ A. Dale Blankenship
                                                A. DALE BLANKENSHIP
                                                Assistant United States Attorney
                                                Attorneys for Plaintiff
                                                United States of America
                                                Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RENE MARES-INZUNZA,<br><br>  Defendant. | ) Criminal Case No. 08CR0344-LAB<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**

1. DISMISS INDICTMENT FOR INSUFFICIENT ALLEGATIONS;
2. VAGUENESS; AND
3. DUPLICITY.

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Gerald T. McFadden, Esq.**
**gtmfadden@hotmail.com**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 14, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP