KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0344-LAB |
|---|---|---|
| Plaintiff, | ) | DATE: April 1, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |
| RENE MARES-INZUNZA, | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery and fingerprint exemplars.

//
//
//
//
//
//
//

1

# I

## STATEMENT OF THE CASE

On February 13, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on February, 19, 2008, and entered a not guilty plea.

# II

## STATEMENT OF FACTS

### A.  INSTANT OFFENSE

On January 20, 2008, at approximately 7:40 a.m., United States Border Patrol Agent Monica Slack was conducting linewatch duties in the Imperial Beach Border Patrol area of responsibilities in an area known as "Spooner's Mesa." This area is approximately 4.5 miles west of the San Ysidro, California, Port of Entry and approximately 50 yards north of the United States/Mexico border and is commonly used by undocumented immigrants to further their entry into the United States. Agent Slack was alerted to the activation of a seismic intrusion device and responded to the area. Upon arriving in the area, Agent Slack observed two individuals attempting to conceal themselves in the brush in an area known as the "33 Draw". Agent Slack approached the two individuals and identified herself as a U.S. Border Patrol agent and questioned both individuals as to their citizenship and both individuals, including Defendant, Rene Mares-Inzunza, stated that they were citizens of Mexico illegally in the United States.

Border Patrol agents searched the area and found footprints leading from the border fence to the area where Defendant was apprehended. Defendant's shoes matched the tracks leading from the border fence.

Defendant and the other individual were arrested and transported to the Imperial Beach Border Patrol Station for processing. A records search revealed that Defendant was a documented foot guide, had a lengthy criminal record, and was previously deported by an immigration judge. When Agents uncovered information that Defendant was a footguide, they asked Defendant if this information was correct. Defendant stated that he is a footguide and that on this occasion he was attempting to help the

other individual, Jaime Aquino-Estrada, illegally enter the United States.

Border Patrol agents interviewed the individual apprehended with Defendant, Jaime Aquino-Estrada. Aquino-Estrada stated that Defendant agreed to help him illegally enter the United States.

### B.     POST-MIRANDA STATEMENT

At approximately 12:37 p.m. on January 20, 2008, Border Patrol Agent Slack advised Defendant of his Miranda rights in the Spanish language during a videotaped interview. Defendant indicated that he understood his rights and agreed to answer questions. Defendant stated that he illegally entered the United States by climbing the United States border fence with the purpose of traveling to Los Angeles . Defendant stated that he was a citizen of Mexico, that he does not have any documents that allow him to enter or reside in the United States, and that he has never applied for permission to enter the United States.

Defendant signed an affidavit stating that he is a citizen of Mexico; that he has no documents to enter the United States; that he was previously deported; and that he did not apply to the Attorney General for permission to re-enter the United States.

### C.     DEFENDANT'S CRIMINAL HISTORY

Defendant has an extensive alien smuggling history with 17 apprehensions. Defendant has five prior convictions for illegal entry in violation of 8 U.S.C. § 1325 (1979, 1980, 1981, 1982, and 1993). Defendant was convicted of transporting illegal aliens in violation of 8 U.S.C. § 1324 on February 9, 1992. Defendant was convicted of false statement to a federal officer in violation of 18 U.S.C. § 1001 on March 20, 2003.

### D.     DEFENDANT'S IMMIGRATION HISTORY

Defendant has been removed from the United States on 17 occasions. Defendant was most recently ordered removed from the United States by an immigration judge on August 20, 2002. Defendant's removal order was recently reinstated on October 27, 2007, and Defendant was removed pursuant to that reinstated order on October 28, 2007 via San Ysidro, California.

### III

### GOVERNMENT'S MOTIONS

### A.     UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

3

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 68 pages of discovery, and 1 cd to Defendant. The audiotape copy of Defendant's removal hearing has been requested, but to date has not been received. Upon receipt it will be turned over to defense counsel. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.    THE UNITED STATES'S MOTION FOR FINGERPRINT EXEMPLARS SHOULD BE GRANTED**

Part of the United States' burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico. To make that showing, the United States will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's

4

fingerprints for comparison.

Defendant's fingerprints are not testimonial evidence. See <u>Schmerber v. California</u>, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. See <u>United States v. DePalma</u>, 414 F.2d 394, 397 (9th Cir. 1969); <u>Woods v. United States</u>, 397 F.2d 156 (9th Cir. 1968). The United States therefore respectfully requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.

## IV

## **CONCLUSION**

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery and fingerprint exemplars be granted.

DATED: March 14, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


<u>S/ A. Dale Blankenship</u>
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

5

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0344-LAB |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| RENE MARES-INZUNZA, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY and FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Gerald T. McFadden, Esq.**
**gtmfadden@hotmail.com**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 14, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP